IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JCKP, LLC**                                                                         **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 2:14-cv-117-KS-MTP**

**BERKLEY REGIONAL**
**SPECIALTY INSURANCE COMPANY**                                **DEFENDANT**

## ORDER

THIS MATTER is before the Court on Defendant's Motion and Supplemental Motion to Strike Plaintiff's Experts [58] [78] and the parties' joint Motion for a Continuance [86]. Having considered the Motions, that Court finds that Defendant's Motion and Supplemental Motion to Strike Plaintiff's Experts [58] [78] should be denied and the parties' joint Motion for a Continuance [86] should be granted.

In this action, Plaintiff alleges that on April 4, 2011, a storm caused wind and water damage to its building located in Hattiesburg, Mississippi. Allegedly, the building was insured by the Defendant, but the Defendant wrongfully denied Plaintiff's damage claim, asserting that the damage to the building resulted from construction/design defects, not the April 4, 2011, storm.

Plaintiff's expert designation deadline ran on July 1, 2015; Defendant's expert designation deadline ran on September 2, 2015; the discovery deadline is November 2, 2015; the motions deadline is November 16, 2015; and the trial is set for a two-week term beginning on March 7, 2016. *See* Case Management Order [23]; Amended Case Management Order [57].

On July 1, 2015, Plaintiff designated two experts: Gregory Becker, a structural engineer, and Mark Silvestain, an expert in the field of restoration, service, and remodeling. *See* Notice

1

[55]. On July 27, 2015, Defendant filed the instant Motion to Strike Plaintiff's Experts [58]. According to Defendant, Plaintiff provided Becker's report but failed to provide the required "back up documentation and other data relied upon by Mr. Becker in forming the opinions expressed in his report." *See* Brief [59] at 3. Defendant also asserts that the expert report did not contain Becker's qualifications or a list of other cases in which Becker testified as an expert as required by Fed. R. Civ. P.26(a)(2)(B). *Id*. at 4.[1]

On August 31, 2015, Plaintiff provided supplemental responses to Defendant's discovery requests. *See* Notices [73] [74] [75].[2] According to Plaintiff, it has provided "all required documentation" pertaining to expert witness Becker. *See* Response [95] at 1. Defendant concedes that "the current report is far more substantial than what was provided by the expert deadline." *See* Supplemental Motion [78] at 2. Defendant, however, notes that "all of these documents were produced over two months after the deadline for Plaintiff to designate experts and on or after Defendant's designation deadline." *Id*.

Defendant is correct that Plaintiff failed to comply with the rules of this Court when it served a deficient expert report on the expert designation deadline. Pursuant to the the Local Rules, "[a] party must make full and complete disclosure as required by Fed. R. Civ. P. 26(a)(2) and L.U. Civ. R. 26(a)(2)(D) no later than the time specified in the case management order. Absent a finding of just cause, failure to make full expert disclosures by the expert designation

---

[1] Defendant also argues that Silvestain's expert report is deficient. On September 25, 2015, however, Plaintiff withdrew its designation of Mark Silvestain as an expert witness in this case. *See* Notice [97]. Thus, as it relates to Silvestain's expert report, Defendant's Motion to Strike [58] is moot.

[2] Plaintiff provided its supplemental discovery responses following this Court's Order [64] granting Defendant's Motion to Compel [60].

deadline is grounds for prohibiting introduction of that evidence at trial." L.U. Civ. R. 26(a)(2).

The trial court is afforded broad discretion to preserve the integrity and purpose of the pretrial order. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). Courts determine whether to "exclude evidence that was not properly designated by considering the following four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id*. at 791.

Plaintiff addresses why it failed to provide a full and complete disclosure prior to the expert designation deadline. According to Plaintiff, it "encountered delay in obtaining necessary information due to a disagreement or misunderstanding between subcontractors and engineers who are not parties to this action and under whom the Plaintiff does not have control." *See* Brief [95] at 3. While the Court is mindful that difficulties can arise in securing documents from non-parties, Plaintiff had a duty to comply with the scheduling order and timely designate its expert witnesses or seek appropriate relief from the Court. The record reflects that Plaintiff had a great deal of time to confront the difficulties associated with obtaining necessary information.[3] The Court gives little weight to Plaintiff's explanation for it failure to properly designate its expert witness prior to the deadline. Thus, this factor weighs in favor of excluding the expert's opinion.

Expert testimony regarding the cause and extent of damage to Plaintiff's building is central to Plaintiff's case. Thus, the importance of the requested relief weighs in favor of Plaintiff.

---

[3] On November 12, 2014, Defendant sent Plaintiff a letter discussing the lack of documentation supporting Becker's expert report.

As to the third factor, Defendant notes that its experts did not have an opportunity to fully review the supplemental documentation prior to making their reports. The Court agrees that Plaintiff's failure to properly designate its expert witness has caused Defendant some prejudice. Defendant, however, did not proceed in this litigation under the assumption that Plaintiff would not call an expert witness. Plaintiff provided Defendant a copy of Becker's expert report in 2014.

While Defendant would be prejudiced if Plaintiff's expert designation is not stricken, that prejudice could be cured with a continuance. The parties agree that if Plaintiff's expert report is not stricken, additional time will be needed to complete discovery. *See* Joint Motion for a Continuance [86]. The Court, however, notes when other factors militate against extending the deadlines, the Court is not obligated to continue the trial setting. "Otherwise, the failure to satisfy the rules would never result in exclusion, but only in a continuance." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883-84 (5th Cir. 2004). In this case, however, the other factors, on balance, weigh slightly in favor of granting a continuance, and the interests of justice are better served by deciding cases on their merits. The Fifth Circuit has "repeatedly emphasized that a continuance is the preferred means of dealing with a party's attempt to designate a witness out of time." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007) (citation and internal quotation omitted). Any potential prejudice to Defendant can be cured by allowing Defendant sufficient time to address the new evidence.

IT IS, THEREFORE, ORDERED that:

1. Defendant's Motion and Supplemental Motion to Strike Plaintiff's Experts [58] [78] are DENIED.

2. The parties' joint Motion for a Continuance [86] is GRANTED.

3. Plaintiff is granted until October 22, 2015, to supplement its disclosures/expert report from Gregory Becker to comply with the rules of court, it if has not done so already.

4. Defendant's expert designation deadline is extended to December 1, 2015.

5. The discovery deadline is extended to January 6, 2016.

6. The deadline for motions (other than motions *in limine*) is extended to January 20, 2016.

7. The pretrial conference is reset for May 26, 2016, before District Judge Keith Starrett in Hattiesburg, Mississippi.

8. The trial of this matter is reset for June 6-17, 2016, before District Judge Keith Starrett in Hattiesburg, Mississippi.

9. Private mediation or a settlement conference with the Court is required in this matter. The parties are required to schedule and complete same by the discovery deadline. On or before seven days before the pretrial conference, the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See* L.U. Civ. R. 83.7(f)(3).

9. Any conflicts with the trial date must be submitted in writing to the trial judge by October 31, 2015.

10. Except as set forth herein, all other provisions and deadlines in the previous case management orders remain in place.

SO ORDERED this the 2nd day of October, 2015.

            s/ Michael T. Parker
            United States Magistrate Judge