IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JCKP, LLC**                                                                                       **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 2:14-cv-117-KS-MTP**

**BERKLEY REGIONAL**
**SPECIALTY INSURANCE COMPANY**                                               **DEFENDANT**

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion for Extension of Discovery Deadline and to Extend Expert Designation Deadline [111]. Having considered the parties' submissions, the record, and the applicable law, the Court finds that the Motion [111] should be GRANTED.

In this action, Plaintiff alleges that on April 4, 2011, a storm caused wind and water damage to its building located in Hattiesburg, Mississippi. Allegedly, the building was insured by the Defendant, but the Defendant wrongfully denied Plaintiff's damage claim, asserting that the damage to the building resulted from construction/design defects, not the April 4, 2011, storm.

Following the entry of the Court's Amended Case Management Order [57], the Plaintiff's expert designation deadline was July 1, 2015; Defendant's expert designation deadline was September 2, 2015; and the discovery deadline was November 2, 2015. On July 1, 2015, Plaintiff designated two experts: Gregory Becker, a structural engineer, and Mark Silvestain, an expert in the field of restoration, service, and remodeling. *See* Notice [55]. On July 27, 2015, Defendant filed the a Motion to Strike Plaintiff's Experts [58].

On September 25, 2015, Plaintiff withdrew its designation of Mark Silvestain as an

expert witness in the case. *See* Notice [97].  Thus, the Court determined that, as it related to Silvestain's expert report, Defendant's Motion to Strike [58] was moot.  However, Plaintiff supplemented its designation of Gregory Becker. *See* Notices [73] [74] [75].  Despite the untimeliness of Plaintiff's supplementation, on October 2, 2015, the Court denied Defendant's Motion to Strike [58] as to Becker and reset the case deadlines. *See* Order [99].

On October 29, 2015, Plaintiff began the process of substituting its counsel, which Plaintiff completed on December 1, 2015.[1]  On December 10, 2015, Plaintiff filed the instant Motion [111], seeking to extend the discovery and motions deadlines by thirty days and seeking an order allowing it to again designate Mark Silvestain as an expert witness.  Defendant does not oppose thirty-day extensions of the discovery and motions deadlines but opposes Plaintiff's request to designate Silvestain as an expert witness.

The trial court is afforded broad discretion to preserve the integrity and purpose of the pretrial order. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).  Courts determine whether to "exclude evidence that was not properly designated by considering the following four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id.* at 791.  Courts consider similar factors in determining whether to modify case deadlines. *See S&W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003).

---

[1] On October 29, 2015, Ronald Stutzman entered an appearance on Plaintiff's behalf; on November 19, 2015, Eric Tiebauer moved to withdraw as counsel for Plaintiff; on November 24, 2015, Craig Panter entered an appearance on Plaintiff's behalf; and on December 1, 2015, the Court granted Tiebauer's Motion to Withdraw as Counsel. *See* Notice [103]; Motion [107]; Notice [108]; December 1, 2015, Text Only Order.

Concerning the first factor, Plaintiff explains that its new counsel determined that Silvestain "needs to be able to offer opinions in this matter which would be considered expert in nature." According to Plaintiff, its failure to previously designate Silverstain as an expert was the "result of prior counsel's workload." Reply [115] at 2. This does not amount to a justifiable reason for failing to comply with the Court's deadlines. The necessity of Silvestain's expert testimony was an issue Plaintiff considered, or should have considered, prior to September 25, 2015, when it withdrew its prior designation of Silvestain. This factor weighs in Defendant's favor.

Expert testimony regarding the scope of damages to Plaintiff's property, the necessity of repairs, and the cost of those repairs is important to Plaintiff's case. Thus, the importance of the requested relief weighs in favor of Plaintiff.

As to the third factor, Defendant asserts that it would be prejudiced due to the additional costs it would incur studying the expert designation. Defendant also asserts that its expert designation deadline would likely need to be extended and another trial continuance would likely be required. To mitigate the prejudice to Defendant, Plaintiff has offered to accept a short extension of its expert deadline, make Silvestain available for a continuation of his deposition, pay Silvestain's fees for attending the deposition, and pay the court reporter's fees for the deposition. Plaintiff also asserts that Defendant should be given time to amend or supplement its expert reports. Although Plaintiff's proposals would help mitigate the prejudice suffered by Defendant, the Court finds that Plaintiff's requested relief would nevertheless result in prejudice to Defendant, as Defendant was forced to hire and designate its own experts without the benefit of all of Plaintiff's expert reports. This factor weighs in Defendant's favor.

Finally, the Court considers whether the prejudice to Defendant may be mitigated by a continuance. The Court notes when other factors militate against extending the deadlines, the Court is not obligated to continue the trial setting. "Otherwise, the failure to satisfy the rules would never result in exclusion, but only in a continuance." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883-84 (5th Cir. 2004).

The Fifth Circuit, however, has "repeatedly emphasized that a continuance is the preferred means of dealing with a party's attempt to designate a witness out of time." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007) (citation and internal quotation omitted). Although the Court granted a continuance less than three months ago, the Court finds that the factors weigh ever so slightly in favor of granting the Motion [111].

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion for Extension of Discovery Deadline and to Extend Expert Designation Deadline [111] is GRANTED.

2. Plaintiff is granted until January 15, 2016, to properly designate Mark Silvestain as an expert witness.

3. Plaintiff shall make Silvestain available for a deposition, pay Silvestain's fees for attending the deposition, and pay the court reporter's fees for the deposition.

4. Defendant's expert designation deadline is extended to February 15, 2016.

5. The discovery deadline is extended to March 1, 2016.

6. The deadline for motions (other than motions *in limine*) is extended to March 15, 2016.

7. The pretrial conference is reset for July 14, 2016, before District Judge Keith Starrett in Hattiesburg, Mississippi.

8. The trial of this matter is reset for August 1-12, 2016, before District Judge Keith Starrett in Hattiesburg, Mississippi.

9. Any conflicts with the trial date must be submitted in writing to the trial judge by January 8, 2016.

10. Except as set forth herein, all other provisions and deadlines in the previous case management orders remain in place.

SO ORDERED this the 23rd day of December, 2015.

                                                s/ Michael T. Parker
                                                United States Magistrate Judge