IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JCKP, LLC**                                                                                                         **PLAINTIFF**

**V.**                                                                           **CIVIL ACTION NO. 2:14-CV-117-KS-MTP**

**BERKLEY REGIONAL SPECIALTY INSURANCE**
**COMPANY AND JOHN/JANE DOES 1-20**                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Berkley Regional Specialty Insurance Company's Motion for Partial Summary Judgment [131].  After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that the motion is well taken and should be granted.

## I.  BACKGROUND

This action involves a dispute over the commercial insurance coverage of roof damage to a commercial building owned by Plaintiff JCKP, LLC ("Plaintiff"), at 215 Broadway Drive in Hattiesburg, Mississippi (the "Property").  At all relevant times, the Property was insured by Defendant Berkley Regional Specialty Insurance Company ("Defendant").  In April 2011, Plaintiff submitted a claim stating that the roof of the Property was damaged by wind.  Defendant, though, denied the claim on the basis that the damage was not done by wind, but rather by the improper installation of the roof and the poor repairs it subsequently underwent.

Plaintiff filed this action on April 10, 2014 in the Circuit Court of Forrest County, Mississippi, bringing claims of breach of contract, intentional breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, bad faith, intentional, gross, and/or negligent infliction of damages, and negligence.  The action was removed to this Court on July 25, 2014.

Defendant now brings its Motion for Partial Summary Judgment [131], asking the Court to

1

dismiss with prejudice all of Plaintiff's "bad faith" claims, including its claims for intentional breach of contract, breach of implied covenant of good faith and fair dealing, bad faith, and intentional, gross and/or negligent infliction of damages.

## II. DISCUSSION

"To recover punitive damages for bad faith denial of [its] insurance claim, [Plaintiff] must show that the insurer denied the claim (1) without an arguable or legitimate basis, either in fact or law, and (2) with malice or gross negligence in disregard of the insured's rights." *Broussard v. State Farm Fire and Cas. Co.*, 523 F.3d 618, 628 (5th Cir. 2008) (quoting *U.S. Fidelity & Guar. Co. v. Wigginton*, 964 F.2d 487, 492 (5th Cir. 1992)). This is an issue of law for the Court to decide. *Id.* To recover extra-contractual damages, Plaintiff need only prove that Defendant lacked "a reasonably arguable basis" for denial. *Id.* "Arguably-based denials are generally defined as those which were rendered upon dealing with the disputed claim fairly and in good faith." *Andrew Jackson Life Ins. Co. v. Williams*, 566 So.2d 1172, 1184 (Miss. 1990). Where there is credible evidence to support the denial, there is an arguable reason, even if there exists evidence to the contrary. *Blue Cross & Blue Shield of Miss., Inc. v. Campbell*, 466 So.2d 833, 851 (Miss. 1984).

Defendant claims that its reasonable basis for denying Plaintiff's claim was that the damage to the roof was caused by poor installation and repair jobs, not by wind as Plaintiff contended.[1] The record clearly reflects that an investigation was conducted as to Plaintiff's claim. (*See* Investigation Report [132-4].) Inspections done by two independent engineering firms concluded that the damage to the roof was not caused by wind damage, but rather by poor installation and improper repairs. (Donan Report [132-5] at p. 3; TRC Report [133-1] at p. 5.) In *Broussard*, the Fifth Circuit held that

---

[1] Neither party disputes that damage caused solely by improper installation and poor repair jobs is not covered under the Policy. As the only covered cause asserted by Plaintiff is wind damage, the Court considers only whether Defendant had an arguably reasonable basis for denying coverage on the basis that the damage was not caused by wind.

the defendant insurance company's reasonable basis could be found in its own adjuster's investigation. 523 F.3d at 628. Because credible evidence that damage to Plaintiff's roof was not caused by wind damage existed when Defendant denied the claim, the Court finds that Defendant had an arguably reasonable basis for its denial. Therefore, the Court will **grant** the Motion for Partial Summary Judgment [131] and Plaintiff's claims for punitive and extra-contractual damages will be **dismissed with prejudice**. Specifically, the Court dismisses Plaintiff's claims of intentional breach of contract, breach of implied covenant of good faith and fair dealing, bad faith, and intentional and gross negligent infliction of damages. The Court will, however, allow Plaintiff's claim of negligent infliction of damages to go forward, as punitive damages are not available for this claim under Mississippi law. *See* MISS. CODE ANN. § 11-1-65(1)(a) (requiring actual malice, gross negligence, or actual fraud for punitive damages).

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's Motion for Partial Summary Judgment [131] is **granted**. Plaintiff's claims for punitive and extra-contractual damages are **dismissed with prejudice**. Specifically, the Court **dismisses** Plaintiff's claims of intentional breach of contract, breach of implied covenant of good faith and fair dealing, bad faith, and intentional and gross negligent infliction of damages.

Plaintiff's claims of breach of contract, unjust enrichment, negligent infliction of damages, and negligence remain pending before the Court.

SO ORDERED AND ADJUDGED this the 29th day of April, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE