**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JCKP, LLC**                                                                                                        **PLAINTIFF**

**V.**                                                           **CIVIL ACTION NO. 2:14-CV-117-KS-MTP**

**BERKLEY REGIONAL SPECIALTY
INSURANCE COMPANY**                                                         **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Berkley Regional Specialty Insurance Company's Motions *In Limine* [157][159][161]. After considering the submissions of the parties, the record, and the applicable law, the Court finds that these motions are well taken and should be granted.

**I. BACKGROUND**

This action involves a dispute over the commercial insurance coverage of roof damage to a commercial building owned by Plaintiff JCKP, LLC ("Plaintiff"), at 215 Broadway Drive in Hattiesburg, Mississippi (the "Property"). At all relevant times, the Property was insured by Defendant Berkley Regional Specialty Insurance Company ("Defendant"). In April 2011, Plaintiff submitted a claim stating that the roof of the Property was damaged by wind. Defendant, though, denied the claim on the basis that the damage was not done by wind, but rather by the improper installation of the roof and the poor repairs it subsequently underwent.

Plaintiff filed this action on April 10, 2014 in the Circuit Court of Forrest County, Mississippi, bringing claims of breach of contract, intentional breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, bad faith, intentional, gross, and/or negligent infliction of damages, and negligence. The action was removed to this Court on July 25, 2014.

In its previous Order [154], the Court granted Defendant's Motion for Partial Summary Judgment [131], and dismissed Plaintiff's claims of intentional breach of contract, breach of implied contract of good faith and fair dealing, bad faith, and intentional and gross negligent infliction of damages. Plaintiff's claims of breach of contract, unjust enrichment, negligent infliction of damages, and negligence remain pending.

Defendant has brought three motions *in limine* before the Court, and the Court will consider each one in turn.

## II.  DISCUSSION

### A.    **Motion *In Limine* to Exclude Certain Damages [157]**

Defendant brings this motion to exclude the Plaintiff from presenting certain elements of damages originally stated in its responses to Defendant's interrogatories. Plaintiff has agreed that these elements are not appropriate to be presented as damages to the jury. Because Plaintiff has conceded this issue, the Court will **grant** Defendant's Motion *In Limine* to Exclude Certain Damages [157].

### B.    **Motion *In Limine* to Preclude Certain Testimony from Mark Silvestain [159]**

Defendant brings this motion asking the Court to preclude Mark Silvestain, who Plaintiff has designated as an expert in the fields of installation, maintenance, repair, and replacement of commercial roofing, from offering opinion testimony as to the insurance coverage issues in the case. Plaintiff has stated that such opinions will not be presented as testimony at trial. Because Plaintiff has agreed to not introduce this testimony, the Court will **grant** Defendant's Motion *In Limine* to Preclude Certain Testimony from Mark Silvestain [159].

### C.    **Motion *In Limine* to Exclude Opinion Testimony from Ken Cooley, Shane Neely, and Billy Parker [161]**

Defendant brings this motion to request that Ken Cooley, Shane Neely, and Billy Parker be

excluded from offering opinion testimony at trial. Plaintiff has stated that it does not intend to call Neely and Parker as witnesses. While Plaintiff does intend to call Cooley, it has stated that Cooley's testimony will be limited to his own personal observations as required by Federal Rule of Evidence 701. Plaintiff contends that Cooley will testify that he personally observed a storm with high winds and that, after the storm, he observed the damage to the roof of the Property. Because Plaintiff does not, however, argue that Cooley should be allowed to present expert testimony, the Court assumes that it concedes this issue as well. Therefore, because Plaintiff does not intend to call Neely or Parker as witnesses, and because Plaintiff does not intend to offer any expert opinion testimony from Cooley, the Court will **grant** Defendant's Motion *In Limine* to Exclude Opinion Testimony from Ken Cooley, Shane Neely, and Billy Parker [161]. The Court will, however, allow Cooley to testify as a lay witness.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's Motion *In Limine* to Exclude Certain Damages [157] is **granted**.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant's Motion *In Limine* to Preclude Certain Testimony from Mark Silvestain [159] is **granted**.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant's Motion *In Limine* to Exclude Opinion Testimony from Ken Cooley, Shane Neely, and Billy Parker [161] is **granted**. Cooley will be allowed to testify as a lay witness only.

SO ORDERED AND ADJUDGED this the 18th day of July, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE